# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DEBRA RICHARDS,

    Plaintiff,

                                         Case No.

v.

                                         HON.

DELTA AIR LINES, INC.,
a foreign corporation,

    Defendant.

---

SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Debora Richards (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff is a resident of the City of Canton, County of Wayne, and State of Michigan.

2.     Defendant, Delta Air Lines, Inc., ("Delta") is a foreign corporation with its World Headquarters located at 1030 Delta Blvd, Atlanta, GA 30354 and principal place of business in the State of Michigan is located at 1 Detroit Metro Airport Detroit, Michigan 48242,  and who is duly authorized to conduct business throughout the State of Michigan including Wayne County, Michigan, and whose registered agent is CSC-Lawyers Incorporating Service, located at 601 Abbot Road, East Lansing, MI, 48823.

3.     The events producing the original injury occurred in Wayne County in the Eastern District, Southern Division of Michigan.

4.     Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6.     Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of Age Discrimination in violation of the Age Discrimination In Employment Act of 1967 ("ADEA") and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, et seq. which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7.     Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8.     Plaintiff is a 62-year-old female who began her employment with Defendant on or about March 12, 1998, and was most recently employed as a customer service agent.

9.     For the duration of Plaintiff's employment, she was an exemplary employee, well liked by her co-workers and supervisors, with no serious reprimands, and she loved her job and being part of the Delta family.

10.     Plaintiff had a good friend suffering from cancer, whose daughter passed away on December 2, 2013.

11.     Since the daughter's death, every year, Plaintiff went on vacation with the friend on the anniversary of her friend's daughter's death, to help her cope with the loss.

12.     On or about November 30, 2019, Plaintiff completed her shift and made her way to the terminal for the annual trip with her friend to Ft Myers, Florida.

13.     After Plaintiff went through security she discovered a watch laying on the floor.

14.     Several years prior, one of Plaintiff's supervisors recommended turning found items into the airport police as opposed to TSA because several items turned up missing after they were turned in to TSA.

15.     In accordance with her training, Plaintiff fully intended to turn in the watch to airport police. On the first floor when Plaintiff was on the escalator on her way to return the watch to an airport police officer, she received a text from her friend who she was traveling with. Friend seemed worried and anxious about finding the gate that their plane was leaving from.

16.     In the commotion of worrying about tending to her lost and anxious friend, Plaintiff got distracted and quickly headed for the gate to find her, completely forgetting about the watch.

17.     Moments after Plaintiff landed in Fort Meyers, Plaintiff received a phone call from the airport police inquiring if she found the watch and Plaintiff immediately reported what had happened made arrangements to return the watch as soon as she returned home from her vacation.

18.     Upon return from her vacation, Plaintiff promptly returned the watch.

19.     Even though Plaintiff was immediately forthcoming, not deceitful in any way, and always had the intent of returning the watch, Defendant treated Plaintiff as if she was a criminal with the malicious intent of committing larceny.

20.     After returning the watch, Defendant interviewed Plaintiff regarding the incident, but it was clear that Defendant had no interest in hearing Plaintiff's side of the story it was immediately apparent Defendant had a pre-determined narrative that Plaintiff intended to steal the watch.

21.     Plaintiff gave an honest recap of exactly what happened with the watch, and explained that she was on her way to return it to airport police when she got distracted and had to tend to her worried and anxious friend.

22.     Defendant circulated a memo recommending Plaintiff's termination that falsely accused Plaintiff of not being forthcoming in her interview, and providing inconsistent statements. The memo circulated by Defendant was patently false, as Plaintiff was honest and consistent from the moment, she realized that she forgot to turn in the watch to the airport police.

23.     On or about January 3, 2020, Defendant offered Plaintiff the opportunity to either be terminated, or retire without receiving retiree benefits, which was clearly an attempt to push Plaintiff out due to her age and block her from receiving  benefits that she would otherwise be entitled to.

24.     Plaintiff loved her job and she incredibly disheartened to learn that she was either going to be terminated or forced to retire and she was deeply offended that she was being treated like a criminal.

25.     Several of Plaintiff's co-workers voiced support for her and knew Plaintiff to be an honest and trustworthy person who would never steal a watch.

26.     Plaintiff was terminated, but she was told she could file an appeal, which she promptly did, and Plaintiff was informed by Defendant that there would be a decision regarding her appeal within 10 days.

27.     More than a month later, Plaintiff still had not heard anything regarding the status of her appeal, so she emailed the CEO of Defendant.

28.     The individual handling Plaintiff's appeal promptly responded to Plaintiff and stated that the termination will stand.

29.     Plaintiff was charged with a misdemeanor after the watch incident, but it was promptly dismissed after the prosecutor learned that Plaintiff had no intent of stealing the watch, no prior criminal record, and was an honest and truthful person who simply got distracted while traveling with a grieving friend.

30.     Shortly after Plaintiff was terminated, she learned that Defendant rolled out a new, more expansive retirement plan that she would have been eligible for if she was not terminated due to her age.

31.     Similarly situated, non-retirement age employees of Defendant were not terminated for severe misconduct that outweighed anything Plaintiff was accused of, including an employee who went through security with a gun in his bag.

32.     On March 17, 2020 the EEOC issued a Right to Sue letter.

33.     During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the ADEA.

34.     Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

<u>**COUNT I**</u>
**<u>AGE DISCRIMINATION IN VIOLATION OF THE</u>**
**<u>AGE DSICRIMINATION IN EMPLOYMENT ACT OF 1967</u>**

35.     Plaintiff incorporates by reference paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     Pursuant to the Age Discrimination In Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 Plaintiff is guaranteed the right to be free from discrimination and/or termination from her employer and/or supervisors based upon her age.

37.     Plaintiff's age was a factor in Defendant's employment decisions, including adverse employment actions and termination.

38.     Defendant was Plaintiff's employer within the meaning of the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

39.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action

based upon her age by Defendant creating a hostile work environment by Defendant.

40.    The age discrimination, hostile work environment, retaliation and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

41.    Defendant had both actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

42.    Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon her age.

43.    The age discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

44.    As a proximate result of the age discrimination and Defendant's failure to take remedial action against the age discrimination, retaliation and conduct, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of

earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant, HFHS in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101

45.    Plaintiff incorporates by reference paragraphs 1 through 43 of the Complaint as though fully set forth herein.

46.    Plaintiff is a 62-year-old woman who began her employment with Defendant in 1998.

47.    Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discrimination and/or termination from her employer and/or supervisors based upon her age.

48.    Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions, and termination.

49.    Defendant was Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

50.     During the course of her employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including adverse employment action based upon her age by Defendant.

51.     The age discrimination, hostile work environment, and adverse employment action by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment

52.     Defendant, and its employees, had both actual and constructive notice that they were discriminating against Plaintiff based on her age.

53.     Despite having notice of the age discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead terminated Plaintiff based upon her age.

54.     The age discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

55.     As a proximate result of the age discrimination and conduct by Defendant, and its failure to take remedial action against the age discrimination, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus reinstatement, exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    RYAN T. FOWLER (P84210)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:    June 5, 2020

## <u>DEMAND FOR JURY TRIAL</u>

NOW COMES Plaintiff, Debra Richards, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    RYAN T. FOWLER (P84210)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:    June 5, 2020